Aquill NICKSON, Petitioner

v.

COMMONWEALTH of Pennsylvania
BOARD OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 2005.

Decided June 3, 2005.

Publication Ordered Aug. 1, 2005.

Aquill Nickson, petitioner, pro se.

John C. Manning, Asst. Counsel and Victoria Freimuth, Chief Counsel, for respondent.

BEFORE: FRIEDMAN, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Aquill Nickson (Petitioner), representing himself, filed a Petition for Writ of Mandamus (Petition) which we treat as a petition for review filed in this Court's original jurisdiction. The Pennsylvania Board of Probation and Parole (Board) filed preliminary objections which included a challenge to the legal sufficiency of the allegations. For the reasons that follow, we sustain this preliminary objection and dismiss the Petition.

The Petition is difficult to understand. From its attached exhibits, we discern the following. Petitioner is currently serving an aggregated sentence of 2½ to 6 years at the State Correctional Institution, SCI–Mahanoy, in Frackville, Pennsylvania for two offenses. First, he pled guilty to a drug charge in early January 2003. A judge of the Court of Common Pleas of Philadelphia County (trial court) sentenced him to 1½ to 3 years (first sentence). Pet. Writ Ex. C. Second, the next day another trial court judge resentenced Petitioner to 1 to 3 years after a probation violation on firearms convictions (second sentence). Pet. Writ Ex. F. The trial court ordered Petitioner serve the second sentence consecutive to the first, resulting in the aggregated sentence. *Id.*

On July 27, 2004, the Board paroled Petitioner on the first sentence. However, the Board did not receive records from SCI–Mahanoy documenting Petitioner's second sentence before Petitioner was released on parole. Pet. Writ Ex. C.

■ Approximately a week later, the records office at SCI–Mahanoy discovered the trial court's consecutive second sentence, a discovery that advanced Petitioner's parole eligibility date to July 5, 2005. Pet. Writ. Ex. D, F. Because the Board is without authority to grant parole before a sentence minimum date, it determined this change constituted good cause[1] to rescind Petitioner's parole. Pet. Writ. Ex. D. A parole rescission hearing was scheduled shortly thereafter. *Id.*

Ultimately, Petitioner filed his Petition with the Court in mid-October 2004. Petitioner makes two requests: (1) he asks for immediate release on parole;[2] and, (2) he asks for his sentence to be returned to the status existing when he was initially paroled. Central to Petitioner's claims is his apparent theory that the Board improperly altered his sentence. He asserts the Board "did not adhere to the appropriate procedures" and violated his constitutional right to be free from cruel and unusual punishment when it did so. Pet. Writ. at 4. After the Court ordered the matter be treated as a petition for review in our original jurisdiction, the Board filed preliminary objections.

■ Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. *McGriff v. Pennsylvania Bd. of Prob. and Parole,* 809 A.2d 455 (Pa. Cmwlth.2002), *affirmed,* 575 Pa. 537, 838 A.2d 564 (2003) (mandamus petition seeking recalculation of sentence expiry dismissed). A writ of mandamus may only be issued where there is a clear legal right in petitioner, a corresponding duty in respon-

dent, and a lack of any other appropriate remedy. *Id.*

■ An action filed in mandamus must define the issues, and every act or performance essential to that act must be set forth in the complaint. *See* Pa. R.C.P. No. 1019, *Byrd v. Pennsylvania Bd. of Prob. and Parole,* 826 A.2d 65 (Pa.Cmwlth. 2003). In ruling upon preliminary objections in the nature of the legal insufficiency of a petitioner's complaint, we must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom. *Myers v. Ridge,* 712 A.2d 791 (Pa.Cmwlth.1998). We need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Id.* The test is whether the facts pleaded are legally insufficient to establish a clear right to relief. *Werner v. Zazyczny,* 545 Pa. 570, 681 A.2d 1331 (1996). Here they are not.

■ As to Petitioner's first request, that he be immediately released on parole, mandamus will not be used to direct the Board to exercise its judgment or discretion in a particular way or direct the retraction or reversal of an action already taken. *Evans v. Pennsylvania Bd. of Prob. and Parole,* 820 A.2d 904, 915 (Pa. Cmwlth.2003). Petitioner may not use mandamus to direct the Board re-parole or release him. *Id.*

■ Petitioner is unable to show facts legally sufficient to establish his clear right to relief. *Myers.* In an action in mandamus involving an administrative agency's exercise of discretion, we may only direct

---

1. The minimum term imposed by a prison sentence sets the date prior to which the Board may not parole an inmate. Section 331.21(a) of Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21(a); *Rogers v. Pennsylvania Bd. of Prob. and Pa-*

*role,* 555 Pa. 285, 289 n. 2, 724 A.2d 319, 321 n. 2. (1999).

2. In his brief to this Court Petitioner also requests damages of $1000 for every day he is illegally detained.

the agency to perform the discretionary act. We may not direct the agency to exercise its judgment or discretion in a particular way, or direct the retraction or reversal of action already taken. *Evans.*

Moreover, when alleging a constitutional violation, a petitioner is required to plead sufficient facts showing a challenged action clearly and unambiguously violated a constitutionally secured right. *St. Clair v. Pennsylvania Bd. of Prob. and Parole,* 89 Pa.Cmwlth. 561, 493 A.2d 146 (1985). Petitioner made no such showing regarding his challenge under the constitutional proscription against cruel and unusual punishment. In particular, Petitioner's claim that his sentence was illegally altered reflects a misunderstanding of the law. In *Com. ex rel. Smith v. Dep't of Corr.,* 829 A.2d 788 (Pa.Cmwlth. 2003), we held that once a sentencing court imposed a consecutive sentence, aggregation was mandatory, citing 42 Pa.C.S. § 9757. Thus, Petitioner fails to state a claim for freedom from aggregation of consecutive sentences, and his attached exhibits document at most a clerical error.

Regarding Petitioner's second request, that his sentence be returned to its prior state, Petitioner did not join the agency with authority to adjust his sentence computation. It is the Department of Corrections that is "responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Dep't of Corrections,* 106 Pa. Cmwlth. 500, 527 A.2d 1061, 1065 (1987). This right and responsibility is exclusive to the Department of Corrections. Petitioner failed to join the Department of Corrections as a necessary party. Pa. R.A.P. 1516(b); Pa. R.C.P. No. 1028(a)(5).

In summary, Petitioner has no clear legal right to the relief he requests from the Board, and the Board has no corresponding duty. If the Board immediately re-paroled Petitioner, it would violate Section 331.21(a) of the Parole Act. 61 P.S. § 331.21(a). Also, the Board lacks authority to adjust the dates of Petitioner's aggregated sentence. Petitioner's aggregated minimum sentence will expire on July 5, 2005. At that time, if the Board determines Petitioner is qualified, it may release him on parole. Accordingly, the Board's preliminary objection in the nature of a demurrer is sustained, and the other preliminary objections are overruled as moot.

### ORDER

AND NOW, this 3rd day of June, 2005, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole is **SUSTAINED,** and the remaining preliminary objections are overruled as moot.

The Petition for Writ of Mandamus is **DISMISSED.**

