IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph Pilchesky, | : | |
| | : | No. 38 C.D. 2015 |
| Appellant | : | Submitted: June 19, 2015 |
| | : | |
| v. | : | |
| | : | |
| Mayor William Courtright, David | : | |
| Bulzoni, Business Administrator, | : | |
| The City of Scranton and Scranton | : | |
| City Council | : | |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                    HONORABLE MARY HANNAH LEAVITT, Judge
                    HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  August 11, 2015

Joseph Pilchesky appeals, *pro se*, from the December 9, 2014, order of the Court of Common Pleas of Lackawanna County (trial court) sustaining the preliminary objections filed by Mayor William Courtright, David Bulzoni, Business Administrator, the City of Scranton, and Scranton City Council (together, Defendants) and dismissing Pilchesky's complaint with prejudice.  We affirm.

On July 1, 2014, Pilchesky filed a complaint against Defendants seeking a writ of mandamus and injunctive relief.  Pilchesky alleged that Defendants violated section 6-13(A) of the Administrative Code of the City of Scranton (Scranton Code) by entering into a four-year contract with The PFM Group (PFM) for financial

planning services on May 9, 2014, without first appropriating the funds for such services.[1] Before entering the contract, Scranton City Council (Council) passed Resolution No. 50, which authorized Mayor Courtright to enter into the professional service contract with PFM.

On August 21, 2014, Defendants filed preliminary objections to the complaint, which Pilchesky answered on September 5, 2014. After briefing by the parties, the trial court heard argument on December 4, 2014. Thereafter, the trial court: (1) dismissed Defendants' objection to Pilchesky's standing because they failed to raise the issue in their preliminary objections;[2] (2) sustained Defendants' objections in the nature of a demurrer; and (3) dismissed Pilchesky's complaint with prejudice. The trial court concluded that Pilchesky's complaint was legally insufficient because it challenged Defendants' performance of a discretionary act and,

---

[1] Section 6-13(A) of the Scranton Code provides in relevant part:

No monies shall be paid out of the City Treasury except upon appropriation previously made by Council and upon warrant pursuant thereto, which warrant shall explicitly state the purpose for which the money is to be drawn. No work shall be hired to be done, no materials purchased, no contracts made and no order issued for the payment of any monies in any amount which will cause the sums appropriated to specific purposes to be exceeded. Council may make supplemental appropriations for any lawful purpose from funds on hand or estimated to be received within the fiscal year and not appropriated to any other purpose. Such supplemental appropriations shall be considered by Council as an ordinance amending the annual budget.

(Scranton Code, §6-13(A); R.R. at 18-A.)

[2] Defendants raised the standing issue for the first time in their brief in support of their preliminary objections. Defendants do not challenge the trial court's ruling on that issue on appeal.

2

therefore, mandamus relief was inappropriate. Pilchesky now appeals from that decision.[3]

On appeal, Pilchesky argues that the trial court erred in sustaining the demurrer and dismissing his complaint. Pilchesky asserts that Defendants breached their ministerial duty as public officials by entering into an illegal contract with PFM and, thus, mandamus relief is appropriate. We disagree.

Mandamus is an extraordinary remedy that compels a public official to perform a ministerial act or a mandatory duty. *Nickson v. Pennsylvania Board of Probation and Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005). A mandamus action will not lie to compel the performance of a discretionary act. *See Chadwick v. Dauphin County Office of the Coroner*, 905 A.2d 600, 603 (Pa. Cmwlth. 2006).[4] Mandamus will be granted only "where the plaintiff establishes a clear legal right to relief, a corresponding duty to act by the defendant, and a lack of any other appropriate and adequate remedy." *Bright v. Pennsylvania Board of Probation and Parole*, 831 A.2d 775, 777 (Pa. Cmwlth. 2003). To succeed in a mandamus action, "the plaintiff must

---

[3] Our review of an order sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court committed an error of law or abused its discretion. *Braun v. Borough of Millersburg*, 44 A.3d 1213, 1215 n.3 (Pa. Cmwlth. 2012). In ruling on preliminary objections in the nature of a demurrer, the court must accept as true all well-pled allegations of material fact and all reasonable inferences therefrom. *Nickson v. Pennsylvania Board of Probation and Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005). The court "need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. The test is whether the facts ple[d] are legally insufficient to establish a clear right to relief." *Id.*

[4] A writ of mandamus can be used to compel a public official to exercise discretion where he or she has a mandatory duty to perform a discretionary act but refuses to do so. *Seeton v. Adams*, 50 A.3d 268, 274 (Pa. Cmwlth. 2012) (*en banc*). Pilchesky, however, does not allege that Defendants failed to exercise their discretion here.

show an immediate, specific, well[-]defined and complete legal right to the thing demanded." *Equitable Gas Company v. City of Pittsburgh*, 488 A.2d 270, 273 (Pa. 1985). If any doubt exists as to the plaintiff's right to relief or the defendant's duty, mandamus is inappropriate. *Id.*

In his complaint, Pilchesky seeks an order compelling Defendants to rescind their professional service contract with PFM. However, it is well settled that "[m]andamus may not be used to direct [the] retraction or reversal of an action already taken in good faith and in the exercise of legitimate jurisdiction." *Walker v. Lawrence Township*, 791 A.2d 458, 460 (Pa. Cmwlth. 2002); *see also Pennsylvania Dental Association v. Pennsylvania Insurance Department*, 516 A.2d 647, 652 (Pa. 1986) (stating that mandamus cannot be used to compel the undoing of a public official's action taken in good faith, even if the decision is wrong). Here, Defendants assert that they entered into the PFM contract for the purpose of assisting the City of Scranton in managing its fiscal affairs. Pilchesky does not allege that Defendants acted in bad faith. Therefore, Pilchesky has failed to demonstrate a clear legal right to relief.

Moreover, a writ of mandamus "is rarely issued and never where the plaintiff seeks to interfere with a public official's exercise of discretion." *Seeton v. Adams*, 50 A.3d 268, 274 (Pa. Cmwlth. 2012) (*en banc*). The Scranton Code authorizes Council to enter into professional service contracts and permits Council to make supplemental budget appropriations as needed "for any lawful purpose." (Scranton Code, §§6-13, 6-14; R.R. at 18-A, 18-B.) As the trial court correctly determined, Defendants acted within their discretion in passing Resolution No. 50 and entering into a professional service contract with PFM. Because Pilchesky's

4

complaint challenges the *manner* in which Defendants exercised their discretion, mandamus relief is improper. *See Seeton*, 50 A.3d at 274; *Chadwick*, 905 A.2d at 603.

Pilchesky's complaint also fails to state a claim for injunctive relief. A plaintiff seeking injunctive relief must establish that the right to relief is clear, an injunction is urgently necessary to avoid an injury that cannot be compensated by damages, and greater injury will result if injunctive relief is denied. *P.J.S. v. Pennsylvania State Ethics Commission*, 669 A.2d 1105, 1112-13 (Pa. Cmwlth. 1996). Here, Pilchesky merely avers that he will suffer "irreparable harm" and "more harm than good" if injunctive relief is denied. (Compl., ¶¶ 33-34.) We agree with the trial court that Pilchesky's vague allegation of "irreparable harm" fails to state a claim for injunctive relief.[5]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[5] We note that Pilchesky's answer to Defendants' preliminary objections contains little more than "irrelevant and colorful averments sounding in opinion and political commentary," (Trial Ct. Op. at 5-6), which we cannot consider. *See Nickson*, 880 A.2d at 23.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Pilchesky,            :
                                 : No. 38 C.D. 2015
            Appellant    :
                                 :
            v.                    :
                                 :
Mayor William Courtright, David  :
Bulzoni, Business Administrator,   :
The City of Scranton and Scranton  :
City Council                  :


# O R D E R


AND NOW, this <u>11</u><sup>th</sup> day of <u>August</u>, 2015, we hereby affirm the December 9, 2014, order of the Court of Common Pleas of Lackawanna County.


_____
ROCHELLE S. FRIEDMAN, Senior Judge