IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph A. Vaccarello,           :
                  Petitioner    :
                                :
        v.                      :
                                :
Pennsylvania Board of           :
Probation and Parole,           :       No. 610 M.D. 2018
                  Respondent    :       Submitted: April 5, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: July 22, 2019


        Joseph A. Vaccarello (Vaccarello), *pro se*, filed a Petition for Review in the Nature of Mandamus in this Court's original jurisdiction. Vaccarello challenges the April 3, 2018 decision of the Pennsylvania Board of Probation and Parole (Board) to deny him parole upon the expiration of his Recidivism Risk Reduction Incentive (RRRI) minimum sentence.[1] The Board filed a preliminary

_____

[1] An RRRI minimum sentence is a sentence shorter in length than the offender's true minimum sentence imposed by a sentencing judge on eligible offenders as part of the RRRI. 37 Pa. Code § 96.1(a). The RRRI "seeks to improve public safety by encouraging eligible offenders to complete programs that scientific evidence suggests may reduce the risk that the offender will commit a future crime." *Id*. An offender who successfully completes an RRRI program plan (an individualized plan containing treatment and approved programs developed to reduce the risk of recidivism based on scientific evidence), maintains a good conduct record, and continues to remain an eligible offender can be paroled on the RRRI minimum sentence date "*unless* the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied." 37 Pa. Code §§ 96.1(b) & 96.2 (emphasis added). To be an eligible offender, the offender cannot have a history of violent behavior or have any convictions

objection in the nature of a demurrer, which is now before the Court for disposition.[2] For the reasons that follow, we sustain the Board's preliminary objection in the nature of a demurrer and dismiss Vaccarello's petition.

Vaccarello is an inmate incarcerated at the State Correctional Institution at Mercer serving a sentence of 1 year 6 months to 5 years for a burglary conviction. *See* Petition for Review in the Nature of Mandamus (Petition) ¶ 2 & DC16E-Sentence Status Summary, Department of Corrections Report dated 4/25/17. At the time of sentencing, the judge rendered Vaccarello eligible for participation in the RRRI program, adjusted his minimum sentence and calculated his RRRI minimum date to be July 3, 2018. *Id*. Just before Vaccarello's RRRI minimum date, on April 3, 2018, the Board issued a decision to deny him parole. Petition ¶ 4 & Notice of Board Decision dated 4/3/18. Vaccarello challenged the Board's denial by filing a notice of administrative appeal. Petition ¶ 4. After not obtaining a response from the Board on his challenge, on September 17, 2018, Vaccarello filed the petition for review with this Court.[3]

In his petition, Vaccarello asserts that the Board erred as a matter of law by denying him parole at the expiration of his RRRI minimum sentence and seeks

---

involving a personal injury crime, use of a deadly weapon, drugs or any other offenses provided in 37 Pa. Code § 96.2 (defining eligible offender).

[2] "In ruling upon a preliminary objection in the nature of a demurrer, we must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom." *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 906, n.3 (Pa. Cmwlth. 2003) (citing *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998)). We do not have to accept as true conclusions of law, unwarranted inferences, argumentative allegations or expressions of opinion. *Id*. "The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief." *Id*.

[3] Vaccarello alleges that he filed his administrative appeal on April 18, 2018. Petition ¶ 4. Vaccarello "*presume[d]* that following a 120-day period[,]" the Board denied his appeal by "operation of law." *Id*. (emphasis added).

"an [o]rder compelling the [Board] to issue a decision granting [him] parole immediately, or upon expiration of [his] RRRI . . . minimum sentence . . . [o]r issue a [w]rit of [m]andamus or for whatever relief this Court deems just and proper." Petition ¶ 5 & Conclusion. Subsequently, on October 9, 2018, the Board responded to Vaccarello's request challenging its denial, explaining:

> [t]he decision recorded April 3, 2018 is a parole refusal. The Board's administrative review process applies to revocation decisions and related matters. *See* 37 Pa. Code § 73.1. Accordingly, any claims related to the parole refusal cannot be addressed through that process.

Letter by Board Chief Counsel Alan M. Robinson to Vaccarello dated 10/9/18.

Vaccarello contends that the Board erred as a matter of law when it denied him parole upon the expiration of his RRRI minimum sentence because he met all the criteria required for parole, and therefore, the Board has a "duty" to grant it. Petition ¶¶ 5 & 7-12. Vaccarello asserts that when the sentencing court concluded that he was eligible for participation in the RRRI, the court "unequivocally determined" that he "did not pose a risk to the community or public safety." *Id*. ¶ 6. Because the sentencing court found that he is not a risk to the community or public safety, Vaccarello contends that the Board erred when it denied him parole as this is a determination "to be made by the sentencing court only." *Id*. Vaccarello asserts that the Board "unreasonably determined that the judge was wrong," and, in doing so, usurped the authority of the sentencing court and violated the separation of powers doctrine. *Id*.

Vaccarello seeks an order compelling the Board to grant him parole at the expiration of his RRRI minimum sentence or "immediately" because the Board failed to "adhere to the mandates of the law." *Id*. ¶ 4 & Conclusion.

3

On October 26, 2018, the Board responded with a preliminary objection in the nature of a demurrer, asserting that "an inmate who is given an RRRI minimum sentence is not entitled to a right to be paroled" and "does not have an absolute right to parole" because the "Board is granted broad discretion in parole matters, and what it decides and why is not subject to judicial review." Preliminary Objections ¶¶ 13, 15 & 20.[4] The Board requests that this Court dismiss Vaccarello's petition. Upon review, we conclude that we cannot, as a matter of law, provide Vaccarello the relief he seeks.[5]

Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. *Nickson v. Pa. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005). A writ of mandamus may only be issued where there is a clear legal right in the petitioner, a corresponding duty in

---

[4] The Board also filed a preliminary objection because Vaccarello failed to provide a verification of the averments in the petition as required by Pennsylvania Rule of Civil Procedure No. 1024. Preliminary Objections ¶¶ 4-6. Though Vaccarello did not provide a verification to his petition, the purpose of the verification is to "defend a party against spurious allegations; it must not be transformed into an offensive weapon designed to strike down an otherwise valid petition." *Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa. Super. 1979). The appropriate remedy for failure to provide a verification is to grant leave to amend for the addition of the verification. *Id*. at 959.

Here, the Board and Vaccarello agree that the Board denied him parole upon serving his RRRI minimum sentence, which is the event that caused Vaccarello to file the petition. Because there is no dispute as to the fact giving rise to Vaccarello's petition, we conclude that Vaccarello's failure to provide a verification is inconsequential and has not, in any way, prejudiced the Board. *See id*. at 959 (noting that where failure to attach verification is inconsequential and not prejudicial, the case may proceed to aid in judicial economy). In the interest of judicial economy, we overrule the Board's preliminary objection concerning the failure to provide a verification and will focus our analysis on the Board's objection in the nature of a demurrer.

[5] The Board also preliminarily objected to the petition based on the "Suggestion of Mootness" because the Board mailed its response to Vaccarello on October 9, 2018 effectively denying his request for administrative relief. Preliminary Objections ¶¶ 23-24. The Board asserted that "it is now impossible for this Court to grant mandamus directing the Board to take said action." *Id*. ¶ 26. The Board is correct that this Court can no longer direct the Board to issue a decision and we cannot grant Vaccarello the relief he seeks as discussed in our analysis on the Board's demurrer objection.

respondent and a lack of any other appropriate remedy. *Id*. Mandamus will not be used to direct the Board to exercise its judgment or discretion in a particular way or direct the retraction or reversal of an action already taken. *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 915 (Pa. Cmwlth. 2003). "[I]n an action in mandamus involving an administrative agency's exercise of discretion, we may only direct the agency to perform the discretionary act; we may not direct the agency to exercise its judgment or discretion in a particular way, or direct the retraction or reversal of action already taken." *Id*. at 914-15. The purpose of a mandamus action is not to establish legal rights, but to enforce those rights already established. *Id*. at 915.

Vaccarello alleges that the Board erred because it has a statutory duty to parole him pursuant to Section 4506(a)(10) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 4506(a)(10). However, the plain language of the statute demonstrates the contrary. Section 4506(a)(10) of the Code provides:

> The [B]oard or its designee *shall issue a decision to parole*, without further review by the [B]oard, an inmate who has been sentenced to a [RRRI] minimum sentence at the expiration of that [RRRI] minimum sentence *upon a determination that all of the following apply*. . . . There is no reasonable indication that the inmate poses a risk to public safety.

*Id*. (emphasis added). As plainly stated, the Board "shall issue a decision to parole" but only "upon a determination that *all* of the following apply." *Id*. (emphasis added). The Board's duty to parole an inmate is subject to the Department of Corrections' assessment of compliance with the RRRI program and the Board's finding that "[t]here is no reasonable indication that the inmate poses a risk to public safety." *Id*.; *see also* 37 Pa. Code § 96.1(b) (stating that "[a]n offender who

5

successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender can be paroled on the RRRI minimum sentence date *unless* the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied") (emphasis added). The statute further provides that "[n]othing in this section *shall be interpreted as granting a right to be paroled* to any person, and any decision by the [B]oard and its designees or the department, under this section, *shall not* be considered an adjudication . . . ." 61 Pa.C.S. § 4506(d) (emphasis added). Our Supreme Court explained in *Commonwealth v. Hansley*, 47 A.3d 1180 (Pa. 2012):

> [a]lthough the court imposes an RRRI Act minimum sentence, the offender is not guaranteed a right to be granted parole upon the expiration of that term . . . Instead, the [Board] is tasked with issuing a decision to parole an offender upon completion of the RRRI Act minimum sentence only if the [Board] independently determines that the offender has successfully completed the required [RRRI] or other similar program, as well as several other requirements (*e.g.*, it does not reasonably appear that defendant presents risk to public safety).

*Id*. at 1188 (citations omitted).[6]

Here, just before the expiration of Vaccarello's RRRI minimum date, the Board issued a decision to deny him parole. In its denial, the Board provided six reasons: (1) Vaccarello needs to participate in and complete institutional programs, (2) Vaccarello's prior unsatisfactory supervision history, (3) reports, evaluations and assessments and/or level of risk indicates Vaccarello is a risk to the community, (4)

---

[6] For this reason, Vaccarello's argument that the sentencing judge already determined that he is not a risk to the community or public safety lacks merit because the Board is to render a determination at the completion of the program requirements as provided in Section 4506(a) of the Code, 61 Pa. C.S. § 4506(a).

Vaccarello's minimization and/or denial of the nature and circumstances of the offense(s) committed, (5) Vaccarello's refusal to accept responsibility for the offense(s) committed, and (6) Vaccarello's lack of remorse for the offense(s) committed. Notice of Board Decision dated 4/3/18. To the extent Vaccarello argues that the Board's findings are incorrect as he completed the program requirements, mandamus cannot be used to challenge the findings. *See Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997) (providing that mandamus cannot be used to say that the Board considered improper factors, that its findings of fact were wrong or that the reasons for its decision were pretense because, if that was the nature of a mandamus, "there would be no difference between it and an appeal from the agency's decision or other forms of actions to address those concerns"). Because we cannot direct the Board to issue a decision, and because we cannot order the Board to retract or reverse its decision, there is no relief that we can provide Vaccarello with his mandamus action.

In short, Vaccarello cannot establish a right to relief. The Board has no duty to grant Vaccarello parole upon completion of his RRRI minimum sentence. Further, Vaccarello has no right to parole and Vaccarello cannot use mandamus to challenge the Board's findings supporting its decision to deny parole. Accordingly, the Board's preliminary objection in the nature of a demurrer is sustained, and the petition is dismissed with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph A. Vaccarello,       :
           Petitioner       :
           :
      v.       :
           :
Pennsylvania Board of       :
Probation and Parole,       :    No. 610 M.D. 2018
           Respondent       :

## O R D E R

AND NOW, this 22nd day of July, 2019, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole is sustained and the petition for review is dismissed with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge