IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Wolfe,                             :
                    Petitioner             :
                                           :
          v.                               :
                                           :
Commonwealth of Pennsylvania,              :
Pennsylvania Board of                      :
Probation and Parole,                      :    No. 624 M.D. 2019
                    Respondent             :    Submitted: May 1, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  June 16, 2020


            Presently before this Court is the Preliminary Objection filed by the

Pennsylvania Board of Probation and Parole[1] (Board) in response to *pro se* petitioner

James A. Wolfe's (Wolfe) Petition for Writ of Mandamus (Petition).  In his Petition,

Wolfe alleges that a change in the Board's internal procedures to require five votes

instead of two votes to grant parole to inmates convicted of driving under the

influence (D.U.I.)-related homicide by vehicle violates the *Ex Post Facto* Clause of

the United States Constitution.[2]  Wolfe also urges this Court to review the Board's

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] U.S. CONST. art. I, §10.

denial of his parole. For the reasons that follow, we sustain the Preliminary Objection.

Wolfe is currently serving a 45-year, 5-month sentence of incarceration for homicide by vehicle, D.U.I.-related, with a maximum release date of April 3, 2046. *See* Petition at 2, ¶¶ 4-5. The Board has denied Wolfe parole six times. *See* Petition at 2, ¶ 6. Following his most recent parole denial, Wolfe filed an administrative appeal that the Board denied on August 5, 2019, followed by a Petition for Review In the Nature of a Complaint In Mandamus in this Court, which the Court dismissed by order dated September 26, 2019 (Dismissal Order). *See* Petition at 2, ¶¶ 6-7; *see also Wolfe v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1328 C.D. 2019, filed September 26, 2019).

On November 13, 2019, Wolfe filed the instant Petition in which he claims that, at his most recent parole hearing conducted by the Board on May 9, 2019, a Board member informed him of a change to the Board's internal procedures whereby the grant of parole for persons convicted of D.U.I.-related homicide by vehicle now requires the affirmative vote of five Board members, whereas it previously had required only the affirmative vote of two Board members. *See* Petition at 2-4, ¶ 8. Wolfe alleges that this change to internal Board procedure amounts to a violation of the *Ex Post Facto* Clause of the Constitution.[3] *See id.*

---

[3] Article I, Section 10 of the United States Constitution provides:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

U.S. CONST. art. I, § 10, cl. 1. Likewise, the Pennsylvania Constitution provides:

The Board filed its Preliminary Objection on December 10, 2019.  On January 23, 2020, this Court filed an order directing the Preliminary Objection to be decided on briefs.  The parties have each submitted briefs, and the matter is now ripe for determination.

Initially, we note that

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom.  The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.  In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom.  It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted.  When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

---

> No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.

PA. CONST. art. I, § 17.  Wolfe only specifically cites to the United States Constitution in the Petition.  *See* Petition at 3, ¶ 8.  Our analysis remains the same under either Constitution.

The Board argues that the Petition should be dismissed because Wolfe's *ex post facto* claim fails to state a claim upon which relief may be granted. *See* Board's Brief at 5-7. We agree.

As this Court has explained:

> Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. A writ of mandamus may only be issued where there is a clear legal right in petitioner, a corresponding duty in respondent, and a lack of any other appropriate remedy.

*Nickson v. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005) (internal citations omitted). "[M]andamus will not be used to direct the Board to exercise its judgment or discretion in a particular way or direct the retraction or reversal of an action already taken." *Id.*

Further, our Supreme Court has explained that

> [t]he *ex post facto* prohibition forbids the Congress and the States from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. Two critical elements must be present for a criminal or penal law to be violative of the *ex post facto* clause: It must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. It is the effect, not the form of the law, that determines whether it is *ex post facto*.

*Cimaszewski v. Bd. of Prob. & Parole*, 868 A.2d 416, 422-23 (Pa. 2005) (internal citations and quotation marks omitted). The Supreme Court has warned that "[t]he *ex post facto* clause[] should not be employed for the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures." *Id.*

4

(internal quotation marks omitted). Additionally, this Court has expressly determined that a change of internal Board policy increasing the number of affirmative votes required to grant a prisoner parole does not violate the *Ex Post Facto* Clause because such an increase is merely a procedural change that alters neither the criteria on which the Board determines parole eligibility nor a prisoner's original sentence. *Myers v. Ridge*, 712 A.2d 791, 798 (Pa. Cmwlth. 1998).

Here, Wolfe makes the same claim that this Court denied in *Myers*: that a change to an internal Board procedure requiring a greater number of affirmative votes to grant a prisoner parole violated the *Ex Post Facto* Clause. *See* Petition at 2-4, ¶ 8. As in *Myers*, the change of which Wolfe complains is a purely procedural one that alters neither the criteria considered by the Board in its parole determination nor Wolfe's original sentence. Accordingly, Wolfe's claim that this change to internal Board procedure amounts to a violation of the *Ex Post Facto* Clause of the Constitution fails to state a claim on which relief may be granted. *Myers*, 712 A.2d at 798.

The remainder of the Petition is Wolfe's attempt to seek review of the Board's May 21, 2019 denial of his requested parole. *See* Petition at 4-14, ¶¶ 9-11. This Court previously dismissed this very claim under a separate docket number. *See* Dismissal Order. As we explained in the Dismissal Order, "[t]he decision to grant or deny parole is wholly a matter within the discretion of the Pennsylvania Board of Probation and Parole and not subject to judicial review." *Id.* (citing *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319 (Pa. 1999); *Reider v. Pa. Bd. of Prob. & Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986)); *see also Nickson*, 880 A.2d at 23–24 ("In an action in mandamus involving an administrative agency's exercise of discretion, [the Commonwealth Court] may only direct the agency to perform the

discretionary act. [The Commonwealth Court] may not direct the agency to exercise its judgment or discretion in a particular way, or direct the retraction or reversal of action already taken.").

For these reasons, we sustain the Preliminary Objection and dismiss Wolfe's Petition.


 

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James A. Wolfe,                  :
         Petitioner          :
                                    :
         v.                            :
                                    :
Commonwealth of Pennsylvania,    :
Pennsylvania Board of             :
Probation and Parole,            :     No. 624 M.D. 2019
         Respondent       :

## O R D E R

AND NOW, this 16th day of June, 2020, the Preliminary Objection of the Pennsylvania Board of Probation and Parole is SUSTAINED, and James A. Wolfe's Petition for Writ of Mandamus is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge