# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Jason Davies, | | : | |
| | Petitioner | : | |
| | | : | |
| v. | | : | No. 282 M.D. 2023 |
| | | : | |
| Pennsylvania Board of | | : | |
| Probation and Parole, | | : | |
| | Respondent | : | Submitted: August 8, 2025 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE WOLF                               FILED: June 18, 2026

Before the Court are preliminary objections filed by the Pennsylvania Parole Board[1] (Board) seeking dismissal of Jason Davies' (Petitioner) "Complaint for Writ of Mandamus" (Petition).[2] After careful review, we find that Petitioner has failed to establish that the application of Section 6139(a)(3.3) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6139(a)(3.3), to his parole review constitutes a violation of the prohibition against *ex post facto* laws, and consequently that Petitioner has failed to plead a legally sufficient mandamus action. Therefore, we sustain the Board's preliminary objections in the nature of a demurrer and dismiss Petitioner's Petition with prejudice.

---

[1] Effective February 18, 2020, the name of the Pennsylvania Board of Probation and Parole has been changed to Pennsylvania Parole Board.

[2] We treat Petitioner's Complaint for Writ of Mandamus as a petition for review pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure.

## I. BACKGROUND

Petitioner is an inmate at Rockview State Correctional Institution (SCI-Rockview), serving a 6- to 12-year sentence for a conviction under 18 Pa.C.S. § 3121(a)(1) (rape). Petition ¶¶ 1, 4. At the time of his conviction, Section 6139(a)(3) of the Code required the Board to consider parole applications by an inmate or an inmate's attorney on an annual basis. *See former* 61 Pa.C.S. § 6139(a)(3).[3] In 2020, the General Assembly amended Section 6139(a)(3) and changed the frequency in which the Board is required to consider parole applications for inmates convicted of certain crimes. *See* Act of November 25, 2020, P.L. 1219. Pursuant to Section 6139(a)(3.3) of the Code, the Board is now required to consider parole applications for inmates convicted of violating 18 Pa.C.S. § 3121 every three years. 61 Pa.C.S. § 6139(a)(3.3).

On April 2, 2021, the Board considered Petitioner's parole request and issued a denial, stating the following reasons:

> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization of the nature and circumstances of the offense(s) committed.

---

[3] The prior language stated:

> (3) Notwithstanding the provisions of paragraph (2), the board shall not be required to consider nor dispose of an application by an inmate or an inmate's attorney where a parole decision has been issued by the board on that case *within one year* of the date of the current application for parole.

*Former* 61 Pa.C.S. § 6139(3) (emphasis added).

> The existence of a pending New Jersey detainer filed against you.
>
> Other factors deemed pertinent in determining that you should not be paroled: repeat sex offender, nature[] of the offense. He was only caught when he committed the offense against his step daughter and the DNA matched this rape from 11 years prior.
>
> The negative recommendation made by the prosecuting attorney.

*Id.*, ¶ 6; *see id.*, Exhibit C (2021 Board Decision).  In its Decision, the Board noted that Petitioner's next review would occur "in or after March 2024," thus applying Section 6139(a)(3.3)'s triennial review procedure.  *Id.*  The Board's decision further stated that at Petitioner's next review, it would consider:

> Whether [Petitioner] maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether [Petitioner] maintained a clear conduct record.
>
> Whether [Petitioner] completed the Department of Corrections prescriptive program(s).

*Id.*

Petitioner applied for parole again on April 6, 2022, approximately one year after the Board's 2021 Review Decision (2022 Parole Application).  The Board did not consider Petitioner's 2022 Parole Application, and Petitioner subsequently filed the Petition sounding in mandamus in this Court.  In his Petition, Petitioner alleges that the application of Section 6139(a)(3.3) to him violates the *ex post facto*

3

clauses of the United States and Pennsylvania Constitutions, U.S. Const. art. I, § 9[4] and Pa. Const. art. I, § 17,[5] as it creates a significant risk of prolonging his incarceration. Petition ¶ 17. In support, Petitioner notes that his 2022 Parole Application responded to each factor that the Board advised it would consider in its 2021 decision. Petitioner states:

> a. Petitioner maintained a clear conduct record, as directed by the Board in its April 2, 2021 decision;
>
> b. Petitioner believes that he will again receive a favorable recommendation from the Department of Corrections, as directed by the Board in its April 2, 2021 decision;
>
> c. Petitioner has completed the Department of Corrections prescriptive programs, as directed by the Board in its April 2, 2021 decision;
>
> d. Petitioner has demonstrated motivation for success;
>
> e. Petitioner is not a risk to the community, given that he has completed all required programing, his lengthy incarceration, and period of time that has passed since he committed this crime;
>
> f. Petitioner has secured employment with the International Brotherhood of Boilermakers Local 28 upon his potential parole date;
>
> g. Petitioner has secured housing upon his potential parole date;

---

[4] Section 9 of article I of the United States Constitution provides that "[n]o . . . ex post facto [l]aw shall be passed." U.S. Const. art. I, § 9. Petitioner's Petition improperly cites Article I, § 10 of the United States Constitution as the *ex post facto* clause. *See* Petition ¶ 17.

[5] Section 17 of article I of the Pennsylvania Constitution states that "[n]o ex post facto law . . . shall be passed." Pa. Const. art. I, § 17.

h. Petitioner has an extensive support system, including family, friends, and coworkers;

i. Petitioner has planned for conditions of his parole, including the requirement for group counseling;

j. Petitioner has been a model for other inmates at SCI Rockview, even acting as a para-teacher in the Masonry Department, helping other inmates learn a skilled trade;

k. Petitioner expresses remorse for his criminality[.]

*Id.* ¶ 14. Petitioner asks this Court to issue a writ of mandamus directing the Board to review his 2022 Parole Application immediately and, if denied, review subsequent parole applications annually thereafter until he is paroled on his current sentence. *Id.*, Wherefore Clause. The Board filed preliminary objections to the Petition, which are now before this Court.

## II. ISSUES

The Board raises two preliminary objections, both sounding in demurrer.[6] First, the Board contends that Petitioner has failed to sufficiently plead a claim that the Board violated the *ex post facto* clause in applying Section 6139(a)(3.3) of the Code to his parole consideration. In its brief in support of preliminary objections, the Board cites this Court's opinion in *Leonardo v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 156 M.D. 2021, filed Mar. 17, 2023), 2023 WL 2544272.[7] In *Leonardo*, this Court sustained a demurrer to an inmate's claim that the application of Section 6139(a)(3.3) to his parole consideration constituted an *ex post facto* violation. Second, and relatedly, the Board

---

[6] We reorder the Board's preliminary objections for ease of disposition.

[7] *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

5

asserts that because there is no *ex post facto* violation, Petitioner has failed to plead a legally sufficient mandamus claim.

Petitioner responds that Section 6139(a)(3.3)'s triennial parole review poses a significant risk of prolonging incarceration. In support, he avers that following the Board's denial of his application for parole in 2021, he satisfactorily addressed the Board's concerns within a single year. Therefore, he argues that the Board's failure to consider his parole applications annually may cause him to face an additional two years of incarceration. Like the Board, Petitioner also discusses this Court's decision in *Leonardo*, but distinguishes it by noting that he, unlike the petitioner in *Leonardo*, has pleaded specific facts tending to show that the application of Section 6139(a)(3.3) to his parole consideration poses a significant risk of prolonging his incarceration. Thus, he maintains he has sufficiently pleaded an *ex post facto* violation and is entitled to mandamus relief.

## III. DISCUSSION

Pennsylvania Rule of Appellate Procedure 1516(b) permits the filing of preliminary objections to a petition for review filed in this Court's original jurisdiction. *See* Pa.R.A.P. 1516(b).

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review [in the nature of a complaint], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

6

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [PFR] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

Relevant to this case, we note that "a parole eligibility date, usually set at the expiration of the prisoner's minimum sentence, does not vest any right to a grant of parole upon reaching that date." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997). Rather, we have explained that

> [p]arole is nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law abiding citizen in society.

*Id.* With this in mind, we turn to Petitioner's claim for mandamus relief.

Mandamus is a remedy rooted in common law, and this Court must exercise caution and discretion with respect to its application. This Court has noted that "[m]andamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. A writ of mandamus may only be issued where there is a clear legal right in petitioner, a corresponding duty in respondent, and a lack of any other appropriate remedy." *Nickson v. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005) (internal citations omitted) (citing *McGriff v. Pa. Bd. of Prob. and Parole*, 809 A.2d 455 (Pa. Cmwlth. 2002), *aff'd*, 838 A.2d 564 (Pa.

2003)).  Mandamus will not lie to compel discretionary acts, and "this has usually been interpreted to mean that while a court may direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act."  *Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986) (internal citations omitted).

In the context of an alleged *ex post facto* violation, we have explained that where "actions of the [B]oard taken pursuant to changed statutory requirements are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the *ex post facto* clause."  *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001), *opinion after certified question answered*, 251 F.3d 480 (3d Cir. 2001).

In *Toland v. Pennsylvania Board of Probation & Parole*, 263 A.3d 1220, 1235 (Pa. Cmwlth. 2021), this Court discussed the test utilized to determine whether a change in a parole law is violative of the constitutional prohibition against *ex post facto* laws.  The *Toland* Court explained:

> The *ex post facto* prohibition bars enactments by the [s]tates "which, by retroactive operation, increase the punishment for a crime after its commission." *Garner [v. Jones]*, 529 U.S. [244,] 249 . . . [(2000)] (citing *Collins v. Youngblood*, 497 U.S. 37, 42 . . . (1990)). "Retroactive changes in laws governing parole of prisoners, in some instances may be violative of this precept." *Id.* (citing *Weaver v. Graham*, 450 U.S. 24, 32 . . . (1981); [*Cal. Dep't of Corr. v.]* Morales*, 514 U.S. [499,] 508-09 . . . [(1995)]). Our [Pennsylvania] Supreme Court has recognized the potential of an *ex post facto* violation by a change in a parole law under the Pennsylvania and [U.S.] Constitutions. *Coady*, 770 A.2d at 290. "Two critical elements must be present for a criminal or penal law to be violative of the *ex post facto* clause: 'It must be retrospective, that is, it must apply to events occurring

8

before its enactment, and it must disadvantage the offender affected by it.'" *Cimaszewski* [*v. Pa. Bd. of Prob. & Parole*], 868 A.2d [416,] 423 [(Pa. 2005)] (quoting *Weaver*, 450 U.S. at 29 . . .).

Turning to the instant matter, and applying the two-part test explained above, it is undisputed that Petitioner was convicted of 18 Pa.C.S. § 3121(a)(1) before the General Assembly added Section 6139(a)(3.3) of the Parole Code in 2020. Thus, the Board's statement that it would not consider him for parole until March 2024, and its failure to consider his 2022 Parole Application, constituted retroactive application of Section 6139(a)(3.3) of the Code. Therefore, we turn to the second element and "examine whether [Petitioner] has sufficiently pled that the application of [Section 6139(3.3)] has disadvantaged [him] such that it violates the *ex post facto* prohibition." *Toland*, 263 A.3d at 1235.

Petitioner claims that the Board's application of Section 6139(a)(3.3) of the Code disadvantages him because it "imposes additional punishment on Petitioner, specifically it creates a significant risk of prolonging Petitioner's incarceration." Petition ¶ 17. We addressed, and rejected, this identical argument in *Leonardo*. In that case, Leonardo was serving a sentence for rape and involuntary deviate sexual intercourse. Following the 2020 amendments to the Code, the Board ceased reviewing Leonardo's parole annually and instead applied Section 6139(a)(3.3)'s triennial review. Leonardo brought a mandamus action against the Board in this Court, asserting an *ex post facto* violation. Like the instant matter, there was no dispute that Section 6139(a)(3.3) came into effect after Leonardo's conviction, and thus, we focused on the second element for purposes of the *ex post facto* analysis: Leonardo's claimed disadvantage. On that point, Leonardo claimed

9

that the Board's application of Section 6139(a)(3.3) extended his incarceration. In rejecting this argument, we explained:

> Section 6139(a)(3.3)(ii) of the Parole Code warns that the three-year consideration postponement "under [Section 6139(a)(3.3)] of the Parole Code shall [not] be interpreted as granting a right to be paroled to any person[.]" 61 Pa.C.S. § 6139(a)(3.3)(ii). Therefore, Leonardo had no guaranteed right to be paroled. Moreover, although a prisoner's "minimum sentence [ ] sets the time after which he is eligible to serve the remainder of his sentence on parole[,]" his "*actual* sentence . . . is his maximum sentence[.]" *Hudson v. Pa. Bd. of Prob. & Parole*, 204 A.3d 392, 396 (Pa. 2019) (emphasis added).

*Leonardo*, slip op. at 11-12. Therefore, by applying Section 6139(a)(3.3), "the Board did not extend Leonardo's incarceration, but required him to continue to serve the term the sentencing court originally imposed pending the Board's next review." *Id.* at 13. Ultimately, we concluded that

> Because Leonardo did not and cannot sufficiently plead that the Board's application of the November 25, 2020 amendment to Section 6139(a)(3.3) of the Parole Code inflicted a new or greater punishment by prolonging his incarceration, he failed to state a viable mandamus claim against [the Board] on the basis that the Parole Code's "statutory requirements have been altered in a manner that violates the *ex post facto* clause." *Coady*, 770 A.2d at 290.

*Id.* Relying on *Leonardo*, this Court recently reached this same conclusion again in *Moore*. There, Moore challenged the application of Section 6139(a)(3.3) to his parole consideration. We rejected the argument, stating that

> With regard to Section 6139 of the Parole Code, the three-year parole application review limitation that was added to

10

that statute in 2020 does not extend inmates' sentences or alter the Board's standards for considering whether to parole a given inmate. [] Given this, the Board's dismissal of Moore's 2023 parole application due to this review limitation does not violate the *ex post facto* clauses of either the Pennsylvania Constitution or the United States Constitution.

*Moore v. Pa. Parole Bd.*, (Pa. Cmwlth., No. 223 M.D. 2023, filed August 16, 2024), slip op. at 11-12, *aff'd*, 345 A.3d 629 (Pa. 2025) (citing *Leonardo*).

While *Leonardo* and *Moore* are unreported opinions of this Court, the issue presented here is the same as in those cases and we find the statement of the law from each such case persuasive. Therefore, we adopt the reasoning that the application of Section 6139(a)(3.3) of the Parole Code does not violate the *ex post facto* clause as it relates to Petitioner, as it neither extends his sentence nor alters the Board's standards for considering whether to grant him parole. Rather, it simply changes the frequency with which the Board is required to consider his parole applications.

The United States Supreme Court addressed a similar *ex post facto* challenge to an amendment to California parole law in *California Department of Correction v. Morales*, 514 U.S. 499, 511 (1995), finding no *ex post facto* violation. Under the amendment challenged in that case, non-initial parole applications for certain offenders (in particular, multiple murderers) could be considered less frequently (such applications having been considered annually before the amendment), but the "Board retain[ed] the authority to tailor the frequency of subsequent suitability hearings to the particular circumstances of the individual prisoner. The default requirement is an annual hearing, but the Board may defer the next hearing up to two years more depending on the circumstances." *Morales*, 514 U.S. at 511. This applied "only to a class of prisoners for whom the likelihood of

11

release on parole is quite remote" and the "amendment had no effect on the standards for fixing a prisoner's initial date of eligibility for parole[.]" *Id.* at 510, 507 (internal quotation marks omitted).

In *Garner v. Jones*, 529 U.S. 244 (2000), the Supreme Court again addressed an *ex post facto* challenge to an amendment changing the frequency with which a certain class of offenders' parole applications would be considered and found that the challenged law did not, by its own terms, create a significant risk of increased punishment.[8] *Garner*, 529 U.S. at 255. The law challenged in *Garner* "vest[ed] the Board with discretion as to how often to set an inmate's date for reconsideration, with an 8–year maximum. . . [and] the Board's policies permit expedited reviews in the event of a change in circumstance or new information." *Garner*, 529 U.S. at 245.

While Petitioner seeks to distinguish *Morales* due to the fact that one-year reconsideration remained the standard (with the Board having the discretion to increase the time before reconsideration), and *Garner* due to the mechanism for the Board to allow expedited review in the event of a change of circumstance, we note that Section 6139(a)(1) allows the Board to "grant parole on its own motion whenever in its judgment the interests of justice require the granting of parole." 61 Pa.C.S. § 6139(a)(1). Thus, the Board still retains the discretion to grant parole when justice requires, and Section 6139(a)(3.3) does not change the standards governing a parole applicant's eligibility. As in *Morales* and *Garner*, Section 6139(a)(3.3)'s three-year parole consideration provision only applies to a certain class of offenders

---

[8] The Court ultimately remanded for additional evidentiary consideration of whether the amended law, as applied, created a significant risk of increased incarceration for the challenger, finding that the Court of Appeals failed to make a finding on such question below. *Garner*, 529 U.S. at 256-57.

12

for whom the possibility of parole is more remote than that of other offenders. In all major respects, Section 6139(a)(3.3) is substantially similar to the laws challenged in *Morales* and *Garner*. Petitioner has not alleged specific facts to suggest that the application thereof will result in him spending additional time incarcerated, as the Board has the discretion to deny his applications for parole, even if it were required to consider them more frequently. Rather, to the extent that Petitioner has shown such a risk, it is merely speculative. Simply put, Petitioner continues to serve his same sentence while the factors determining his eligibility for parole remain the same.

Accordingly, consistent with the United States Supreme Court's analyses in *Morales*, *Garner*, and our own Court's in *Leonardo* and *Moore*, and for the reasons set forth above, we find that the application of Section 6139(a)(3.3) to Petitioner does not amount to an *ex post facto* violation under the United States or Pennsylvania Constitutions.

As Petitioner has failed to establish a violation of the *ex post facto* clause, he has necessarily failed to satisfy the first condition for mandamus relief: a clear right to the requested relief. Thus, we sustain the Board's preliminary objections demurring to Petitioner's Petition.

## IV. CONCLUSION

For the foregoing reasons, the Board's Preliminary Objections are sustained, and Petitioner's Petition is dismissed with prejudice.

_____
MATTHEW S. WOLF, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Davies,                :

           Petitioner        :

                                  :

           v.                     :     No. 282 M.D. 2023

                                  :

Pennsylvania Board of       :

Probation and Parole,        :

           Respondent     :

## **O R D E R**

AND NOW, this 18th day of June 2026, the Pennsylvania Board of Probation and Parole's preliminary objections are SUSTAINED, and Petitioner's Petition for Review is DISMISSED WITH PREJUDICE.

 

                               _____

                               MATTHEW S. WOLF, Judge