# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earle Drack,                 :
             Appellant    :
                     :
         v.               :   No. 288 C.D. 2016
                     :   Submitted: October 14, 2016
Ms. Jean Tanner, Open Records   :
Officer and Newtown Township    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY JUDGE BROBSON**          **FILED: October 12, 2017**


Appellant Earle Drack (Drack), proceeding *pro se*, appeals from an order of the Court of Common Pleas of Bucks County (trial court), which sustained the preliminary objections filed by Newtown Township (Township) and Jean Tanner, in her capacity as Open Records Officer for the Township (Tanner), to Drack's complaint in mandamus (Complaint). For the reasons that follow, we reverse the trial court's order and remand the matter to the trial court for further proceedings.

On August 17, 2012, Drack submitted to the Township a request for records pursuant to the Right-to-Know Law (RTKL),[1] seeking various records related to the acquisition and calibration of "ENRADD devices."[2] ENRADDs are speed-timing devices used by police officers to monitor the speed of motor vehicles travelling on the roadways. The Township contracts with two companies,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

[2] ENRADD is an acronym for "Electronic Non-Radar Device."

Davidheiser Inc. (Davidheiser) and YIS/Cowden Group, Inc. (YIS/Cowden), to supply the ENRADDs and certify that they are properly calibrated.

On August 22, 2012, the Township invoked a 30-day extension pursuant to Section 902(b)(2) of the RTKL, 65 P.S. § 67.902(b)(2). The Township did not issue a response by the extended deadline, and, thus, the request was deemed denied. On October 1, 2012, Drack appealed the Township's denial to the Office of Open Records (OOR). Both parties supplemented the record before the OOR pursuant to Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c). On October 11, 2012, Tanner sent an e-mail to Jim Cowden, a representative of YIS/Cowden, to inform him that YIS/Cowden had been joined as a third party to the appeal. On October 12, 2012, Cowden responded via e-mail:

> Anything you have from [YIS/Cowden] you would have in your records. As for any calibration procedures we are governed by PennDOT Title 67 Chapter 105[3] and any calibration we would have performed would have been done in accordance to this law and you would have received a certificate stating that fact. There is nothing else for us to provide.
>
> FYI, Mr. Drack already has obtained this information I believe multiple times.

At this point, the Township provided to Drack all responsive records in its possession. The Township also submitted a notarized affidavit, which provided that, during the course of the appeal, the Township had produced all responsive records in its possession and that no other responsive records exist.

On October 18, 2012, an OOR Appeals Officer issued a decision, holding that the "Township has provided responsive records to [Drack] during the course of this appeal and evidence that no other responsive records exist within its

---

[3] 67 Pa. Code §§ 105.1-.95.

2

possession. Based on this evidence, the appeal is moot as to the records provided." (Reproduced Record (R.R.) at 17a.) Accordingly, the Appeals Officer dismissed Drack's appeal as moot as to those documents. The Appeals Officer further ordered that the Township retrieve all responsive public records from Davidheiser and YIS/Cowden, to the extent that such records exist.

Approximately two years later, on November 14, 2014, Drack filed his Complaint in the trial court. Drack's Complaint requested the trial court to order the Township to produce all responsive documents in its possession and to retrieve all responsive documents from Davidheiser and YIS/Cowden. The Complaint also sought penalties and costs, alleging that the Township and Tanner acted in bad faith.

On December 23, 2014, the Township filed preliminary objections in the nature of demurrer and for failure to join a necessary party. The Township attached to its preliminary objections copies of e-mails from Lori Smith (Smith), a representative of Davidheiser, which were copied to Drack. In her e-mails, dated December 10, 2012, Smith stated that Davidheiser had no responsive records in its possession and referred the Township to 67 Pa. Code § 105.95 in response to Drack's request for information about how the calibration is performed. The Township forwarded Smith's response to Drack. The Township argued that the RTKL does not require a public body to bring suit against a third party to obtain records and that Drack has no right under any common law or statutory authority to compel the Township to sue Davidheiser or YIS/Cowden to obtain any potentially responsive records. With respect to its preliminary objection for failure to join a necessary party, the Township argued that, in order for Drack to compel Davidheiser or YIS/Cowden to turn over any responsive documents, Drack would need to join them as additional defendants. Drack filed an answer to the Township's preliminary

3

objections on January 16, 2015, arguing that the records were in the constructive possession of the Township, and, thus, the Township was obligated to provide them.

On February 5, 2016, the trial court sustained the Township's preliminary objections and dismissed Drack's claims with prejudice. Drack filed a notice of appeal on February 22, 2016.[4] On May 11, 2016, the trial court issued an opinion pursuant to Pa. R.A.P. 1925(a), discussing the reasoning behind its decision to sustain the Township's preliminary objections. The trial court explained that it based its decision on an unpublished decision from this Court with substantially similar facts: *Drack v. Hamilton & Borough of Carlisle*, (Pa. Cmwlth., No. 2128 C.D. 2014, filed Jan. 13, 2016), *appeal denied*, 145 A.3d 728 (Pa. 2016) (*Drack I*).[5]

---

[4] The Township argues that Drack waived the majority of his claims raised on appeal by failing to raise them in his concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Drack, however, prefaced his concise statement according to Pa. R.A.P. 1925(b)(4)(vi) which provides: "[i]f the appellant. . . cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver." Because the trial court did not issue a written opinion until after Drack filed his concise statement, we construe Drack's claims on appeal to be included in the general error "[the trial court] erred in granting [Appellee's preliminary objections]" raised in his concise statement. (R.R. at 48a); *see also* Official Note to Pa. R.A.P. 1925(b) ("[Pa. R.A.P. 1925(b)(4)] allows appellants to rely on the fact that subsidiary issues will be deemed included if the overarching issue is identified and if all of the issues have been properly preserved in the trial court.").

[5] In *Drack I*, Drack filed in the trial court a complaint in mandamus against the Borough of Carlisle and its Open Records Officer, Stacey Hamilton (Hamilton), seeking to compel the Borough and Hamilton to comply with a final determination of the OOR that required the Borough to produce certain documents relating to the Borough's ENRADD EJU-91 speed timing devices. The Borough and Hamilton answered the complaint and joined YIS/Cowden, the manufacturer of the ENRADDs at issue and the entity responsible for calibrating the Borough's ENRADDs. During the earlier proceedings before the OOR, the OOR rejected YIS/Cowden's assertion that the records were proprietary and not subject to disclosure. During the course of the litigation, YIS/Cowden provided an affidavit and training notes responsive to Drack's RTKL request. The

4

affidavit stated that it possessed a single document responsive to one of Drack's requests and that calibration procedures were set forth in 67 Pa. Code § 105.56. The Borough and YIS/Cowden filed a motion to dismiss, arguing that the Complaint was now moot. The trial court granted the motion and denied Drack's request for the imposition of penalties on the basis that the Borough and YIS/Cowden acted in good faith. The trial court concluded that Drack was pursuing documents that do not exist.

On appeal to this Court, we made it clear that "[t]he RTKL does not require the local agency to file an action to obtain documents," and that it was "within the Borough's rights to allow Drack to pursue further action." *Drack I*, slip op. at 2. With regard to Drack's argument that "the Borough improperly refused to compel YIS/Cowden to produce the responsive documents while also acting in concert with YIS/Cowden to interfere with his right to obtain the documents," we observed that the Borough acted in good faith. *Id.* at 3. Specifically, we wrote:

> The Borough submitted . . . affidavits and engaged in correspondence with YIS/Cowden. The Borough relied upon YIS/Cowden's representations regarding the requested documents, which were never in the Borough's control. The record reflects that the Borough responded promptly to the RTKL request, participated fully before the OOR, made several efforts to obtain the documents from YIS/Cowden following the final determination, and immediately joined YIS/Cowden upon the filing of Drack's mandamus action. We conclude that the Borough complied with the requirements of Section 506(d) of the RTKL[, 65 P.S. § 67.506(d),] to the best of its ability and the record does not support Drack's allegations of improper behavior on the part of the Borough.

*Id.* Furthermore, the Court noted that it is "unable to see how Drack's request has not been fulfilled." *Id.* In addition to concluding that the Borough complied with Section 506(d) of the RTKL, we also concluded that the "[t]rial court did not err in determining that the complaint in mandamus was moot." *Id.* We affirmed the trial court's dismissal of Drack's Complaint in mandamus.

Drack asserts that the trial court improperly viewed *Drack I* as binding precedent despite the fact that it is an unreported panel decision of this Court. Pursuant to Commonwealth Court Internal Operating Procedure § 414, 210 Pa. Code § 69.414, an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value. The trial court did not expressly state that it viewed *Drack I* as binding precedent; rather, it stated that it adopted the reasoning set forth in *Drack I*. Thus, the trial court did not err in citing *Drack I* as persuasive precedent. Likewise, we cite *Drack I* herein for its persuasive value rather than as binding precedent.

5

The trial court, after fully reciting the facts in *Drack I*, observed that the facts in *Drack I* are nearly identical to the facts in this case. The trial court concluded that, here, as in *Drack I*, Drack was pursuing documents that do not exist against parties that fulfilled any duty to him. In so doing, the trial court relied upon an e-mail attached as an exhibit to the preliminary objections. The trial court then adopted this Court's rationale in *Drack I* and sustained the preliminary objections. The trial court also concluded that, because the trial court could not compel the Township to bring suit against a third party, Davidheiser and YIS/Cowden were necessary parties in order for Drack to obtain the relief sought in his complaint. Finally, the trial court opined that Drack failed to meet the test to establish that he was entitled to the extraordinary relief of a writ of mandamus because he failed to establish that there was no other appropriate or adequate remedy available.

On appeal,[6] Drack argues that the trial court erred in sustaining the Township's preliminary objections in the nature of a demurrer and for failure to join

---

[6] Our scope of review of a decision by a trial court sustaining preliminary objections is limited to a determination of whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were violated. *Long v. Thomas*, 619 A.2d 394, 396 (Pa. Cmwlth. 1992), *appeal denied*, 631 A.2d 1012 (Pa. 1993). In an appeal challenging the sustaining of preliminary objections in the nature of a demurrer, we must determine "whether on the facts averred, the law states with certainty that no recovery is possible." *Hawks by Hawks v. Livermore*, 629 A.2d 270, 271 n. 3 (Pa. Cmwlth. 1993). The test for sustaining preliminary objections is whether, based on the pleadings, it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish a right to relief. *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992). Argumentative allegations or expressions of opinion are not accepted as true. *See Firing v. Kephart*, 353 A.2d 833, 834 (Pa. 1976). "This court has held that a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

a necessary party. Drack also argues that the trial court erred in denying his request for costs and penalties.[7]

As a preliminary matter, we note that Drack styled his Complaint as an action in mandamus,[8] although his action is based on the following averments: (1) the OOR's final determination required the Township to retrieve and provide the responsive records from Davidheiser and YIS/Cowden; (2) the Township had failed to retrieve and provide the responsive records from Davidheiser and YIS/Cowden; and (3) the Township acted in bad faith by refusing or otherwise failing to retrieve responsive records. (R.R. at 5a-10a.) Drack's Complaint, therefore, essentially seeks to enforce an order of the OOR and could be construed as a petition for enforcement of an administrative order.[9] *See Uniontown Newspapers, Inc. v. Pa.*

---

[7] Drack additionally argues that the trial court erred by not issuing an opinion with its February 5, 2016, order granting the Township's preliminary objections and dismissing Drack's Complaint. A trial court, however, is not required to file a written opinion contemporaneously with an order dismissing a litigant's claim. Pa. R.A.P. 1925(a); s*ee Cooke v. Equitable Life Assur. Soc'y of U.S.*, 723 A.2d 723, 727 (Pa. Super. 1999). Thus, the trial court did not err in issuing its opinion after Drack filed his notice of appeal.

[8] A writ of mandamus compels the performance of a ministerial and mandatory duty. *Chadwick v. Dauphin Cnty. Office of the Coroner*, 905 A.2d 600, 603 (Pa. Cmwlth. 2006), *appeal denied*, 917 A.2d 847 (Pa. 2007). To prevail in mandamus, the plaintiff must demonstrate: a clear legal right for performance of an act by the government; a corresponding duty in the government to perform the ministerial act and mandatory duty; and the absence of any other appropriate or adequate remedy. *Id.* A mandatory duty is "one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005). Where the public official has discretion in how to perform the act, mandamus may compel the exercise of discretion, but it may not interfere with the manner in which the discretion is exercised. *Chadwick*, 905 A.2d at 604.

[9] In *Drack I*, neither the trial court nor this Court analyzed the requirements for mandamus when dismissing Drack's complaint in mandamus. Instead, the dismissal was based largely on the determination that Drack had received all the documents to which he was entitled.

*Dep't of Corr.*, 151 A.3d 1196, 1202 (Pa. Cmwlth. 2016). Nonetheless, this Court has also recently ruled that a civil action in mandamus is an appropriate vehicle to seek enforcement of an unappealed OOR determination against *a local agency*. *Capinski v. Upper Pottsgrove Twp.*, 164 A.3d 601, 607 (Pa. Cmwlth. 2017). Accordingly, we will evaluate the merit of the Township's preliminary objections in the context of a complaint in mandamus.[10] Regardless of the context in which we consider the preliminary objections, the result would remain the same.

---

[10] This Court issued our decision in *Uniontown Newspapers* subsequent to the issuance of our unreported decision in *Drack I*. Subsequent to our decision in *Uniontown Newspapers*, however, this Court issued its decision in *Capinski v. Upper Pottsgrove Township*, 164 A.3d 601 (Pa. Cmwlth. 2017), holding that an original jurisdiction civil action in mandamus is the proper vehicle to seek enforcement of an unappealed OOR final determination against a local agency. Although the majority decision in *Capinski* purports to distinguish the Court's contrary holding in *Uniontown Newspapers*, one could reasonably question whether the reported opinions are in conflict. *See Capinski* (Brobson, J., concurring).

With respect to local agency compliance with unappealed OOR decisions, *Capinski* offers a workable paradigm for enforcement—*i.e.*, a civil action for writ of mandamus. The paradigm, however, may fall apart when applied in RTKL matters involving Commonwealth agencies, legislative agencies, and judicial agencies, as was the case in *Uniontown.* If the ruling in *Capinski* applies perforce to enforcement of unappealed OOR determinations against those agencies as well, any final order issued by this Court in such a matter would be appealable as of right to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court has expressed its strong preference, however, that matters involving the enforcement of unappealed Commonwealth agency actions should be dealt with in this Court's appellate, rather than original, jurisdiction, with only discretionary review by the Pennsylvania Supreme Court. *See Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cnty.*, 32 A.3d 639 (Pa. 2011); *Pa. Human Relations Comm'n v. Scranton Sch. Dist.*, 507 A.2d 369, 370 (Pa. 1986).

As this matter involves a local agency, however, we are constrained to follow *Capinski*. We are certain, however, that at some point we will need to resolve the question whether a civil action in mandamus is the appropriate vehicle to seek enforcement of an unappealed OOR final determination against a Commonwealth agency, legislative agency, or judicial agency (*Capinski*), or, instead, whether any such effort to enforce should be directed to this Court's appellate jurisdiction, ancillary to our statutory jurisdiction under Section 1301 of the RTKL, 65 P.S.

8

As to the Township's preliminary objection based on demurrer, it is axiomatic that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin*, 556 A.2d at 971. Under *Martin*, both this Court and the trial court are limited to consideration of the allegations as set forth in Drack's Complaint when considering the Township's demurrer, and no testimony or other evidence outside of the Complaint may be considered to dispose of the legal issues presented by the demurrer. *See Beaver v. Coatesville Area Sch. Dist.*, 845 A.2d 955, 958 (Pa. Cmwlth. 2004). Here, the trial court, in granting the preliminary objections, relied upon averments not contained in Drack's Complaint. Specifically, in the preliminary objections, the Township avers that it requested the documents from Davidheiser and YIS/Cowden after the OOR concluded that the Township was required to retrieve all responsive documents from them and that the records are not in the Township's possession, but rather they are in the possession of Davidheiser and YIS/Cowden. (*See* Township's Preliminary Objections (POs), ¶¶ 9, 12).[11] The Township attached to the preliminary objections an email, dated October 11, 2012, from Tanner to YIS/Cowden, requesting the documents, and an e-mail response from YIS/Cowden, dated October 12, 2012, that it has nothing else to provide. The Township also filed a memorandum of law in support of its position, to which it attached the e-mail correspondence referenced above and additional emails among the parties dated subsequent to the OOR's final determination of October 18, 2012. The trial court improperly relied upon the averments in the

§ 67.1301 (relating to appeals from OOR final determinations involving Commonwealth, legislative, and judicial agencies) (*Uniontown*).

[11] Drack, in his answer to the preliminary objections, denied the averments set forth in paragraphs 9 and 12 of the Township's preliminary objections.

9

preliminary objections and the e-mails attached to the preliminary objections and memorandum of law when reaching its determination.[12]

Further, it is apparent from the pleadings that Drack has pleaded facts necessary to bring an enforcement action against the Township. Drack alleged that the Township had a duty to retrieve and produce responsive documents and that it has not done so. Any consideration of evidence demonstrating whether the Township has fulfilled its duty under the RTKL cannot be considered at this stage of the proceeding. Moreover, we note that Drack's Complaint does not request an order directing the Township to file a civil action against Davidheiser and YIS/Cowden, despite the Township's suggestions to the contrary. Thus, the trial court erred in sustaining the Township's preliminary objections in the nature of demurrer.

The trial court also erred in sustaining the Township's preliminary objections for failure to join a necessary party. A party is necessary if its presence is needed to resolve the dispute and render complete relief. *Pa. Human Relations Comm'n v. Sch. Dist. of Philadelphia*, 651 A.2d 177, 184 (Pa. Cmwlth. 1994).

In considering this issue, the trial court correctly concluded that the Township does not have authority over private entities such as Davidheiser and YIS/Cowden and that the trial court may not compel parties that were not joined to the suit. *See Nickson v. Pa. Bd. of Probation and Parole*, 880 A.2d 21, 24

---

[12] Although the trial court relied upon the rationale set forth in *Drack I*, we note that *Drack I* did not involve preliminary objections. Rather, *Drack I* involved a motion to dismiss. While Pennsylvania courts have found that it is appropriate to construe a motion to dismiss as a motion for summary judgment where both parties have had the opportunity to conduct adequate discovery, we may not construe preliminary objections as though they were a motion for summary judgment. *See Young v. Dep't of Transp.*, 714 A.2d 475, 476 n.1 (Pa. Cmwlth. 1998), *vacated on other grounds*, 744 A.2d 1276 (Pa. 2000). The trial court, therefore, should have constrained its consideration to the allegations set forth in Drack's Complaint.

(Pa. Cmwlth. 2005) ("Regarding Petitioner's second request, that his sentence be returned to its prior state, Petitioner did not join the agency with authority to adjust his sentence computation . . . This right and responsibility is exclusive to the Department of Corrections. Petitioner failed to join the Department of Corrections as a necessary party."). Drack's Complaint, however, does not request relief against Davidheiser and YIS/Cowden. To the contrary, it only seeks to compel the Township to comply with the OOR's final determination. The trial court, after the pleadings have closed, may consider the actions of the Township to determine whether the Township complied with its responsibilities under the OOR's final determination. If the Township failed to do so, the trial court could order it to take further actions, short of requiring the Township to institute a civil action. Thus, the trial court erred in sustaining the Township's preliminary objections for failure to join a necessary party.[13]

Finally, we turn to Drack's request for attorney's fees and costs, and civil penalties based on the Township's noncompliance and alleged bad faith. A court may award attorney's fees and costs under Section 1304(a) of the RTKL, 65 P.S. § 67.1304, and may impose civil penalties under Section 1305 of the RTKL, 65 P.S. § 67.1305. The requester must present evidence of bad faith to justify the imposition of costs or penalties. *See Barkeyville Borough v. Stearns*, 35 A.3d 91, 98 (Pa. Cmwlth. 2012).

Drack alleges that the Township has acted in bad faith by failing to take "steps to secure the responsive records as is its mandatory duty under the RTKL." (R.R. at 10a.) The RTKL requires the Township to make a good faith effort to

---

[13] We also note that it may be possible for the Township to join Davidheiser and YIS/Cowden, as the Borough of Carlisle did in *Drack I*.

11

determine what responsive records are within its possession, custody and control, and provide those records, subject to certain exceptions. *See Chambersburg Area Sch. Dist. v. Dorsey*, 97 A.3d 1281 (Pa. Cmwlth. 2014). As explained above, the trial court cannot determine on the pleadings alone whether the Township has fulfilled its duty under the RTKL. Thus, we cannot yet determine whether the Township has acted in bad faith. Accordingly, the trial court erred in dismissing Drack's request for attorney's fees and costs and civil penalties under the RTKL.

For the reasons set forth above, we reverse the order of the trial court and remand for further proceedings.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earle Drack,                          :
               Appellant     :
                     :
      v.                          :     No. 288 C.D. 2016
                     :
Ms. Jean Tanner, Open Records         :
Officer and Newtown Township          :

# O R D E R

AND NOW, this 12th day of October, 2017, the order of the Court of Common Pleas of Bucks County (trial court), granting the preliminary objections filed by Jean Tanner, in her capacity as Open Records Officer for Newtown Township, and Newtown Township is hereby REVERSED. The matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.


                    _____
                    P. KEVIN BROBSON, Judge