IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carrie Hahn,                          :
                Appellant           :
                          :   No. 1364 C.D. 2022
         v.                   :
                          :   Submitted: March 8, 2024
Wilmington Township Lawrence   :
County, Board of Supervisors and   :
Darren Elder, Dan Kennedy, John   :
Zehner in their individual capacity  :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                  FILED: May 17, 2024

       Carrie Hahn (Appellant) *pro se* appeals from the order entered in the Court of Common Pleas of Lawrence County (trial court), which granted Appellant relief following her petition to enforce a final determination of the Office of Open Records (OOR). Appellant has also filed an application for relief in this Court, challenging the trial court's jurisdiction to consider her petition and this Court's appellate jurisdiction. After careful review, we deny Appellant's application for relief and dismiss the appeal as moot.

# I. BACKGROUND[1]

In March 2021, Appellant filed a request pursuant to the Right-to-Know Law (RTKL),[2] seeking various invoices and RTKL request logs from the Wilmington Township (Township) solicitor's office. The Township granted the request, provided responsive records, some of which were redacted, and asserted that no other records existed. Appellant appealed to the OOR. In June 2021, the OOR issued a final determination, ordering the production of the requested documents without redaction. Neither party appealed the determination.

In December 2021, in the trial court, Appellant filed a petition to enforce the final determination, asserting that the Township was noncompliant. *See* Pet. to Enforce, 12/30/21. Appellant argued that the OOR had ordered disclosure of unredacted documents, but the Township had provided only 2 of 20 invoices that it had admitted were responsive to the final determination. *See id.* The Township responded that it had provided all responsive, unredacted documents and that Appellant's petition was moot. *See* Answer to Rule to Show Cause, 2/7/22, at 1, 15.

The trial court held an evidentiary hearing at which both the Township and Appellant presented testimonial evidence.[3] Thereafter, the trial court issued an

---

[1] Unless otherwise stated, we base the recitation of facts upon the trial court's opinion, which is supported by the record. *See* Trial Ct. Op., 10/31/22, at 1-11.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[3] *See* Notes of Testimony (N.T.) Hr'g, 6/27/22. The transcript of this hearing does not appear in the original record. It is part of Appellant's Reproduced Record. *See* Reproduced R. (R.R.) at 38-126. Neither party has disputed its accuracy or authenticity. Pursuant to Pa.R.A.P. 1921, we may consider a transcript included in a reproduced record and not in the original record, if neither party disputes its accuracy. *See Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (considering written plea colloquy in reproduced record where the accuracy of the reproduction had not been disputed); *see also Prieto Corp. v. Gambone Constr. Co.*, 100 A.3d 602, 605 n.2 (Pa. Super. 2014) (holding that the Superior Court could consider a transcript included in the reproduced record, but not in the original record, if neither party disputes its accuracy). We

2

order directing the Township to provide additional, unredacted records, including itemized billing invoices for various dates from October 2019 through February 2021. *See* Trial Ct. Op., 10/31/22, at 12-13. The trial court also ordered the Township to provide an affidavit of its compliance with the trial court's directive and to pay all trial court costs of Appellant. *See id.* According to the trial court, the Township subsequently complied in all respects. *See* Trial Ct. Op., 3/1/23, at 1-2.

Appellant filed a motion for reconsideration but filed this appeal before the trial court could issue a ruling. In this Court, Appellant has filed an application for relief, requesting a stay and challenging the trial court's subject matter jurisdiction and this Court's appellate jurisdiction. *See* Appl. for Relief, 5/3/23, at 1-20. The Township has filed an answer in opposition thereto. *See* Answer to Appl. for Relief, 5/8/23, at 1-10 (unpaginated).

## II. ISSUES

First, Appellant contends that the trial court lacked subject matter jurisdiction to enforce the OOR's final determination. *See* Appellant's Br. at 5. Second, Appellant contends that the RTKL imposes a duty upon the OOR, upon notice of noncompliance, to provide "information" to enforce its orders when an agency fails to comply with a final determination. *See id.* Third, Appellant contends that the trial court abused its discretion when it "held Appellant to strict rules of evidence and failed to bifurcate the enforcement proceeding." *See id.* Finally, Appellant contends that the trial court abused its discretion when it ignored "clear conflicts of interest." *See id.*

---

note additionally that Superior Court cases are not binding authority but may "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

3

## III. DISCUSSION[4]

### A. The Trial Court had Jurisdiction over this Mandamus Action

Initially, we consider Appellant's contention that the trial court lacked subject matter jurisdiction to enforce a final determination of the OOR. Appl. for Relief at 3-4; Appellant's Br. at 13. Proceeding from this premise, Appellant further contends that this Court lacks appellate jurisdiction over the trial court's decision. Appl. for Relief at 3-4; Appellant's Br. at 13. According to Appellant, "the RTKL does not provide any direction on the procedures to enforce a final determination of either a local or Commonwealth agency appeal." Appellant's Br. at 13-14. Therefore, Appellant requests that we vacate the trial court's order on the grounds that the lower court lacked subject matter jurisdiction to enforce an OOR disclosure order and that we "transfer the erroneously filed matter to this Court's ancillary appellate [sic] jurisdiction."[5] *See id.* at 19-20.

In response, the Township asserts that a petition to enforce an order of the OOR directed at a local agency is appropriately filed with the court of common pleas for the county where the local agency is located. *See* Ans. to App. for Relief at 4 (citing *Capinski*, 164 A.3d 601, and Section 1302 of the RTKL, 65 P.S. § 67.1302). Therefore, the Township contends that the trial court had subject matter jurisdiction to consider Appellant's petition and that Appellant has offered no legal

---

[4] When considering an appeal from a lower court's disposition of a mandamus action to enforce compliance with a RTKL request, "[o]ur review [is limited to] consider[ing] whether [the lower court's] findings of fact are supported by substantial evidence or whether [the court] committed an error of law or abused its discretion." *Capinski v. Upper Pottsgrove Twp.*, 164 A.3d 601, 605 n.4 (Pa. Cmwlth. 2017).

[5] In support of this assertion, Appellant erroneously cites "210 Pa. Code § 761(c)." Appl. for Relief at 20. We infer that Appellant meant to cite 42 Pa.C.S. § 761(c), which clarifies our *original jurisdiction* over ancillary matters.

justification to seek review pursuant to this Court's original jurisdiction. *See id.* at 6.

The RTKL facilitates access to public records in Pennsylvania. *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 455 (Pa. 2013). The law is applicable to local agencies,[6] including townships, whose records are presumed to be public unless subject to an enumerated exception or protected by privilege. *See In re Silberstein*, 11 A.3d 629, 632-33 (Pa. Cmwlth. 2011); Sections 302 & 305 of the RTKL, 65 P.S. §§ 67.302, 67.305.

If a local agency denies access to requested records, the requester may appeal the denial to the OOR, which may then issue a final determination. *See Bowling*, 75 A.3d at 457-58; Section 1101 of the RTKL, 65 P.S. § 67-1101. Within 30 days of the final determination, a requester or local agency may petition for review with the court of common pleas for the county where the local agency is located. Section 1302 of the RTKL, 65 P.S. § 67.1302. Although there is no statutory remedy for the enforcement of RTKL orders to local agencies, the appropriate method for enforcing such an order is a civil action in mandamus filed in the appropriate court of common pleas. *See Capinski*, 164 A.3d at 606-07. Further, in the interest of judicial economy, we may treat a requester's petition to enforce as a mandamus action, where it pleads the essential factual prerequisites of mandamus.[7] *See id.* at 610.

---

[6] Section 102 of the RTKL defines a local agency to include "any local, intergovernmental, regional or municipal agency, authority, council, board, commission, or similar governmental entity." *See* 65 P.S. § 67.102.

[7] The prerequisites needed to maintain a claim for mandamus relief are a mandatory or ministerial duty, and mandamus may only be granted "where the moving party establishes a clear legal right, the [respondent's] corresponding duty and the lack of any other appropriate and adequate remedy." *Firearms Owners Against Crime - Inst. for Legal, Legislative & Educ. Action*

As in *Capinski*, this case was commenced through a RTKL request directed to a local agency. *See* Final Determination, 6/9/21, at 1-8. As in *Capinski*, neither party appealed from the final determination of the OOR officer. *See* Trial Ct. Op., 3/1/23, at 1-5. Rather, as in *Capinski*, Appellant appropriately sought enforcement of the order by filing an action in the trial court. *See* Pet. to Enforce 12/30/21, at 1-17. Appellant identified a mandatory or ministerial duty, namely, the Township's duty to comply with the OOR's disclosure order, and its alleged failure to comply. *See id.* at 8-10. The RTKL does not provide a separate statutory means for enforcement, so there was a lack of any other appropriate and adequate remedy. *See Capinski*, 164 A.3d at 606-07. Therefore, Appellant's enforcement action pleaded the essential factual prerequisites of mandamus. *See Capinski*, 164 A.3d at 606-07.

Accordingly, the trial court had subject matter jurisdiction to hear and grant Appellant's petition, and this Court has appellate jurisdiction to review the trial court's decision. *See id.*; *see also Drack v. Tanner*, 172 A.3d 114, 120 n.10 (Pa. Cmwlth. 2017) (discussing *Capinski* and agreeing that an action should commence in the court of common pleas, at least where the matter involves a local agency); *but see also Uniontown Newspapers, Inc. v. Dep't of Corr.*, 243 A.3d 19, 22-23 (Pa. 2020) (discussing a RTKL enforcement petition regarding a Commonwealth agency filed in this Court's original jurisdiction).[8]

---

*v. Evanchick*, 291 A.3d 507, 515-16 (Pa. Cmwlth. 2023). An act is ministerial if it is "one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." *See id.* (internal citation omitted).

[8] *See also Cruz v. Pottsville Police Dep't* (Pa. Cmwlth., No. 244 C.D. 2022, filed Sept. 18, 2023) (discussing transfer of petition to enforce, improvidently filed in this Court's original jurisdiction, to the trial court) (unpublished memorandum); *see also McFalls v. Municipality of Norristown* (Pa. Cmwlth., No. 737 C.D. 2021, filed May 17, 2022) (in *pro se* appeal from trial

We therefore deny Appellant's application for relief.

## B. Mootness

Before addressing Appellant's substantive arguments, we consider the Township's assertion that this appeal is moot. *See* Twp.'s Br. at 14. According to the Township, the narrow issue before the trial court was whether the Township had complied with the OOR's final determination. *See id.* at 15-16. Upon considering Appellant's claims, the trial court directed the Township to provide certain unredacted invoices, a check for payment of court costs, and an affidavit of compliance. *See id.* at 15. According to the Township, it did as it was directed. *See id.* Further, according to the Township, none of the exceptions to the mootness doctrine are applicable here, and Appellant will suffer no prejudice because the requested records have already been provided. *See id.* at 15-16.

Appellant does not address the mootness of her appeal in any meaningful fashion. Instead, she argues that the trial court erred and abused its discretion by ignoring "(1) bad faith apparent on the face of the record; (2) obvious conflicts of interest; (3) blatant indifference to the law; (4) perjury; and (5) violated Judicial Rules of Conduct to obfuscated [the Township's] bad faith actions." *See* Appellant's Br. at 11-12. According to Appellant, the trial court's request that this

court's order disposing of requester's petition to enforce an order of the RTKL, observing that the appropriate way to compel production of public records is a civil action in mandamus but instructing that a court may treat a petition to enforce as a mandamus action where the factual prerequisites are met); *see also Sawiciki v. Wessels* (Pa. Cmwlth., No. 1046 C.D. 2021, filed Dec. 19, 2022) (discussing action for enforcement of the RTKL disclosure order filed in court of common pleas, where common pleas erred by not considering whether requester was entitled to seek civil penalties and costs of litigation under the RTKL, where local agency had acted in bad faith). This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their statements of the relevant law.

Court dismiss the appeal as moot, frivolous, and made in bad faith is evidence of "prejudicial treatment toward Appellant." *See id.* at 12.

A case is moot if there is no actual case or controversy in existence. *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 448 (Pa. Cmwlth. 2012). This rule applies at all stages of the proceedings. *See id.* The requirements for an actual case or controversy are: (1) "a legal controversy that is real and not hypothetical," (2) "a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication," and finally, (3) "a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *See id.* (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)). "Courts will not enter judgments or decrees to which no effect can be given." *See id.*

There are three exceptions to the mootness doctrine: "(1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *See id.* at 448-49.

For the first exception, two elements must be considered: "(1) that the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) that there is a reasonable expectation that the same complaining party will be subjected to the same action again." *See id.* at 449. With regard to the second exception, "[i]t is only in very rare cases where exceptional circumstances exist or where matters or questions of great public importance are involved, that this [C]ourt ever decides moot questions or erects guideposts for future conduct or actions." *Costa v. Cortes*, 142 A.3d 1004, 1017 (Pa. Cmwlth.

2016) (quoting *Wortex Mills v. Textile Workers Union of Am.*, 85 A.2d 851, 857 (Pa. 1952)).

Instantly, the matter is moot because there is no case or controversy. *Phila. Pub. Sch. Notebook*, 49 A.3d at 448. The issue before the Court is whether the Township provided the requested records; here, the trial court ordered the Township to disclose the requested records, and the Township has done so. *See* Trial Ct. Op., 10/31/22; *see also Phila. Pub. Sch. Notebook*, 49 A.3d at 448. Indeed, the trial court stated that the Township "complied with the [order] by sending to the Appellant unredacted invoices and by reimbursing her for the court costs as certified by the records of the Prothonotary of Lawrence County." *See* Trial Ct. Op., 3/1/23, at 1, 5.

Further, the exceptions to the mootness doctrine are not applicable here. The conduct is not capable of repetition yet evading review: if a township refuses to comply with a RTKL order, a requester may file an action in mandamus in the appropriate court of common pleas, as Appellant did in the instant case. *See Phila. Pub. Sch. Notebook*, 49 A.3d at 448-49. Further, because Appellant was given what she requested, it is unclear how this case creates "exceptional circumstances" that warrant this Court's involvement. *See Costa*, 142 A.3d at 1017. Finally, Appellant has not suffered a detriment, as she has been given what she requested. *See Phila. Pub. Sch. Notebook*, 49 A.3d at 448. Accordingly, we dismiss the instant appeal as moot.[9]

## IV. CONCLUSION

The trial court had subject matter jurisdiction to hear the instant appeal because, although the appropriate method of enforcement of RTKL orders is an

---

[9] We need not consider Appellant's substantive issues due to their mootness.

9

action in mandamus, a trial court may consider a petition to enforce that pleads the factual prerequisites of a mandamus action. *See Capinski*, 164 A.3d at 606-07. Additionally, the appeal is moot due to the Township's compliance with the trial court's order, and no exceptions to the mootness doctrine apply. *See Phila. Pub. Sch. Notebook*, 49 A.3d at 448-49; *Costa*, 142 A.3d at 1017. For the foregoing reasons, we deny Appellant's application for relief and dismiss her appeal as moot.


_____
LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carrie Hahn,                :
         Appellant        :
                       :    No. 1364 C.D. 2022
        v.              :
                       :
Wilmington Township Lawrence  :
County, Board of Supervisors and  :
Darren Elder, Dan Kennedy, John  :
Zehner in their individual capacity  :

# **O R D E R**

AND NOW, this 17th day of May, 2024, Carrie Hahn's (Appellant) application for relief, filed May 3, 2023, is DENIED. The instant appeal is DISMISSED as MOOT.

_____

LORI A. DUMAS, Judge
