# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis White,                              :
                                           :
                    Petitioner             :
                                           :
          v.                               :  No. 420 M.D. 2023
                                           :  Submitted:  September 9, 2024
Department of Corrections and              :
Zachary Moslak, Office of the              :
Chief Hearing Examiner,                    :
                                           :
                    Respondents            :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  January 13, 2025


       The Department of Corrections and Zachary Moslak, Office of the

Chief Hearing Examiner (collectively, DOC), filed preliminary objections (POs) in

the nature of a demurrer to the petition for review (PFR)[1] filed in our original and

---

[1] As this Court has explained:

> "In considering a demurrer, we accept as true all well-pled material allegations in the [PFR], as well as all inferences reasonably deducible therefrom." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).  However, "the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of

**(Footnote continued on next page…)**

appellate jurisdiction by Travis White (Inmate), an inmate at the State Correctional Institution (SCI) Houtzdale. The PFR is seeking an order and decree declaring that a misconduct issued by DOC is null and void; dismissing the misconduct with prejudice; and awarding compensatory and punitive damages for violations of the United States and Pennsylvania Constitutions. We quash the PFR in part, and transfer the PFR in part to the Clearfield County Court of Common Pleas.

On September 7, 2023, Inmate submitted a PFR to this Court. Specifically, Inmate asserts that he was improperly moved to the Restricted Housing Unit (RHU) L-5 Housing Unit, and charged with a misconduct, based on the illegal actions of Lieutenant Martin (Officer), a corrections officer at SCI Houtzdale. *See, e.g.*, PFR ¶19.d. (alleging that after Officer "secured said Misconduct by deception in violation of Section 4114 of [the Crimes Code, 18 Pa. C.S. §4114,] when he caused the Misconduct to be issued concealing the fact [Inmate] was in a mental

opinion." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

"In addition, courts reviewing [POs] may not only consider the facts pled in the [PFR], but also any documents or exhibits attached to it." *Allen*, 103 A.3d at 369. "It is not necessary to accept as true any averments in the [PFR] that conflict with exhibits attached to it." *Id.* The test is whether, based on the pleadings, "it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer." *Id.*; *accord Drack v. Tanner*, 172 A.3d 114, 119 (Pa. Cmwlth. 2017) (citing *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992)).

*Vasilinda v. Department of Corrections* (Pa. Cmwlth., No. 440 M.D. 2019, filed December 27, 2019), slip op. at 7; *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

health crisis," which "effected [sic] the [p]ecuniary interest of" Inmate). Inmate also contends that he was improperly precluded from presenting the testimony of a witness by the hearing examiner at the hearing on the misconduct.

Inmate asserts that the foregoing actions violated his "rights found in the United States and Pennsylvania Constitution[s]," as well as his "substantive and procedural due process rights." PFR ¶¶26, 27. Accordingly, Inmate asks this Court for the following relief:

> WHEREFORE, [Inmate r]equests, due to the foregoing, [that] Mis[c]onduct No. D897016 be declared Null and Void, dismissing it with PREJUDICE, correcting [Inmate's] File to reflect the same[,] and award compensatory and punitive damages.

PFR at 4 (emphasis in original).

We preliminarily note that Inmate seeks monetary damages in addition to the requested declaratory relief. Because of this, we must address whether this Court may entertain Inmate's claims for damages in our original jurisdiction. DOC did not raise the issue of subject matter jurisdiction in its POs. However, because subject matter jurisdiction implicates this Court's power to enter a binding judgment, the issue is not waivable, and we are obliged to raise it *sua sponte* if it is not raised by the parties. *See, e.g.*, *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole)*, 860 A.2d 25, 29 (Pa. 2004).

The PFR asserts that this Court has original jurisdiction over this matter pursuant to Section 761 of the Judicial Code, 42 Pa. C.S. §761. *See* PFR ¶1.[2] It is

---

[2] The PFR also invokes this Court's appellate jurisdiction pursuant to Section 763 of the Judicial Code, 42 Pa. C.S. §763, "as it is an [a]ppeal from a Final Order (Misconduct Number D897016) of an [a]dministrative agency[,] *i.e.*[, DOC]." PFR ¶1. However, as the PFR also concedes:

**(Footnote continued on next page…)**

3

true that the General Assembly has defined our subject matter jurisdiction to include, generally, "all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]" 42 Pa. C.S. § 761(a)(1). However, this general rule is immediately followed by several exceptions, including "actions or proceedings in the nature of trespass to which the Commonwealth government formerly enjoyed sovereign or other immunity[.]" 42 Pa. C.S. §761(a)(1)(v). This exception means that "this Court lacks original jurisdiction over tort actions for money damages that are premised on either common law trespass or a civil action for deprivation of civil rights under 42 U.S.C. § 1983." *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004) (citations omitted).

As our Supreme Court has further explained, "actions against the Commonwealth or its officers . . . for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court[.]" *Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985). This is true even though Inmate is also seeking declaratory relief because the gravaman of his PFR is a civil rights action. *See Stackhouse v. Commonwealth*, 832 A.2d 1004, 1009 (Pa. 2003) (plurality); *see also Wilson v. Marrow*, 917 A.2d 357, 362 (Pa. Cmwlth. 2007) ("where the core of the

---

> Initially, this [C]ourt does not possess jurisdiction either original or appellate over DOC's decisions concerning charges of misconduct against an inmate. [*See Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998); *Brown v. PA. Dept. of Corrections*, 913 A.2d 301 (Pa. Cmwlth. 2006); and *Ricketts v. Central Office Review Committee of the Department of Corrections*, 557 A.2d 1180 (Pa. Cmwlth. 1989)].

*Id.* ¶16. Thus, "[i]t is well settled that '[i]nmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to appellate review.'" *Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269 (Pa. Cmwlth. 2021) (quoting *Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013)). Accordingly, the PFR is quashed to the extent that it invokes our appellate jurisdiction.

4

[petition] is a tort action, original jurisdiction lies in common pleas court regardless of an ancillary request for declaratory relief").

As outlined above, because the PFR herein initiated a civil action seeking money damages for purported civil rights deprivations, this Court does not have original jurisdiction. Notwithstanding, rather than dismiss the matter, we will transfer it to the proper tribunal, that being the Clearfield County Court of Common Pleas. *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a); *see also Velez v. Wetzel* (Pa. Cmwlth., No. 651 M.D. 2020, filed March 14, 2024), slip op. at 4; *Twitty v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 36 M.D. 2023, filed July 26, 2024), slip op. at 4.

Accordingly, the PFR filed in the above-captioned matter is quashed to the extent that it invokes our appellate jurisdiction; the remaining claims in the PFR are transferred to the Clearfield County Court of Common Pleas.

MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis White,                                    :
                                                 :
                            Petitioner           :
                                                 :
            v.                                   :   No. 420 M.D. 2023
                                                 :
Department of Corrections and                    :
Zachary Moslak, Office of the                    :
Chief Hearing Examiner,                          :
                                                 :
                            Respondents          :


# **O R D E R**


            AND NOW, this 13<u>th</u> day of <u>January</u>, 2025, because this Court lacks subject matter jurisdiction, **QUASH** the Petition for Review (PFR) filed by Travis White in the above-captioned matter to the extent that it invokes our appellate jurisdiction under Section 763 of the Judicial Code, 42 Pa. C.S. §763. The remaining claims in the PFR are **TRANSFERRED** to the Clearfield County Court of Common Pleas pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a). The Commonwealth Court Prothonotary shall transmit the record of the above-captioned proceedings to the Prothonotary of the Clearfield County Court of Common Pleas, together with a copy of this memorandum opinion and order, as well as a copy of this matter's docket entries.


                                        _____
                                        MICHAEL H. WOJCIK, Judge